**UNITED STATES of America**

v.

**Barry LANDGARTEN, Defendant.**

**No. 04–CR–70(JBW).**

United States District Court,
E.D. New York.

July 15, 2004.

Daniel E. Wenner, U.S. Attorney, Brooklyn, NY, for Plaintiff.

Doug Morris, Brooklyn, NY, for Defendant.

MEMORANDUM & ORDER

WEINSTEIN, Senior District Judge.

Defendant Barry Landgarten pled guilty to theft or embezzlement from an employee benefit plan, with potential punishment ranging from zero to five years imprisonment. *See* 18 U.S.C. § 664. Under the Federal Sentencing Guidelines, defendant's base offense level is 4, calling for a range of zero to six months incarceration. *See* U.S.S.G. Sentencing Table (applying applicable 1995 Guidelines base level).

The government seeks an eight-level enhancement for loss of more than $70,000 (U.S.S.G. § 2B1.1(b)(1)), and a two-level enhancement for abuse of a position of trust (U.S.S.G. § 3B1.3). Applying these factors would result in a total offense level of 14, with a range of incarceration of fifteen to twenty-one months. Defendant does not concede that these enhancements apply.

A sentencing jury trial will be held to decide whether the enhancement factors are proved beyond a reasonable doubt. *See Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Khan,* 01 CR 1242 (E.D.N.Y. July 12, 2004).

The sentencing trial will begin on August 9, 2004. A pre-trial conference will be held on August 2, 2004 at 10:00 a.m.

At the conference, the parties shall give notice of all evidence, witnesses, and experts they plan to call, and shall exchange pre-marked documents. They shall furnish a proposed jury charge. *See United States v. Khan, supra.*

The parties shall brief the question of whether the Federal Rules of Evidence control this sentencing phase. Rule 1101(d)(3) of the Federal Rules of Evidence provides that the Rules of Evidence do not apply in sentencing. The Rule was, however, written on the assumption that fact finding in non-capital sentencing would be by the court without a jury. Since the jury findings will have to meet the "beyond a reasonable doubt" standard under *Blakely,* full evidentiary protections may be required. *See, e.g., Blakely,* 124 S.Ct. at 2556 ("[T]he need for formal evidentiary rules to prevent prejudice ... will mean greater complexity, added costs and further delay.") (BREYER, J., dissenting). *Cf.* 21 U.S.C. § 848(j) (Portions of information provided at capital sentencing hearings "may be presented ... regardless of its admissibility under the rules

governing admission of evidence at criminal trials" as long as its probative value is not substantially "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.").

The parties shall also consider a joint agreed statement of facts to simplify proof at the sentencing trial.

SO ORDERED.